**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

ANNA MARIE EVANS,

Plaintiff,

v.

STATE OF CALIFORNIA, *et al.*,

Defendants.

Case No. 17-cv-00531-BAS-BGS

**ORDER:**

**(1) GRANTING DEFENDANTS OLD REPUBLIC DEFAULT MANAGEMENT SERVICES AND ZIEVE, BRODNAX & STEELE, LLP'S MOTION TO DISMISS (ECF No. 6); AND**

**(2) TERMINATING AS MOOT REMAINING PENDING MOTIONS (ECF Nos. 8, 15, 18, 24)**

Plaintiff Anna Marie Evans commenced this action against numerous Defendants allegedly involved in a foreclosure sale of her property. Presently before the Court is Defendants Old Republic Default Management Services, a Division of Old Republic National Title Insurance Co., and Zieve, Brodnax & Steele, LLP ("Moving Defendants")'s motion to dismiss Plaintiff's action for lack of subject matter jurisdiction and for failure to state a claim.

Plaintiff has not filed an opposition to Moving Defendants' motion. The Court nevertheless addresses the merits of the motion and does not deem Plaintiff's failure

to respond as consent to the granting of the motion. *See* Civ. L.R. 7.l(f)(3)(c). The Court also finds this motion suitable for decision on the papers submitted and without oral argument. *See id.* 7.1(d)(1). For the following reasons, the Court concludes it lacks subject matter jurisdiction and therefore **GRANTS** Moving Defendants' motion to dismiss. Accordingly, the Court also **TERMINATES AS MOOT** the remaining motions pending in this action.

## I. LEGAL STANDARD

Under Rule 12 of the Federal Rules of Civil Procedure, a party may move to dismiss an action based on a lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). "Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Id.* (citations omitted). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (citations omitted). Thus, "[w]hen subject matter jurisdiction is challenged under Federal Rule of Procedure 12(b)(1), the plaintiff has the burden of proving jurisdiction in order to survive the motion." *Kingman Reef Atoll Invs., L.L.C. v. United States*, 541 F.3d 1189, 1197 (9th Cir. 2008) (citing *Tosco Corp. v. Comtys. for a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2001)).

## II. ANALYSIS

Moving Defendants argue the Court lacks diversity or federal question jurisdiction over Plaintiff's suit. (Mot. 2:12–4:28.) The Court will address each possible basis for jurisdiction.

//

//

//

17cv0531

## A. Diversity Jurisdiction

To invoke a court's diversity jurisdiction, the amount in controversy must exceed $75,000 and there must be complete diversity of citizenship between the parties. 28 U.S.C. § 1332(a); *see also, e.g.*, *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). Complete diversity means the citizenship of each plaintiff must be diverse from the citizenship of each defendant. *E.g.*, *Lewis*, 519 U.S. at 68. Moreover, the party invoking diversity jurisdiction has the burden to plead and prove that these requirements are satisfied. *See, e.g.*, *Bautista v. Pan Am. World Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir. 1987).

Under the diversity statute, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Meaning, a corporation incorporated in one state with its principal place of business in another state is a citizen of both states. *Id.* A corporation's principal place of business is where it has its nerve center, which is typically its headquarters. *See Hertz Corp. v. Friend*, 559 U.S. 77, 81 (2010). If a company has dual citizenship, it can sue or be sued in diversity actions only if no opposing party is a citizen of *either* state. *See Bank of Cal. Nat. Ass'n v. Twin Harbors Lumber Co.*, 465 F.2d 489, 492 (9th Cir. 1972) (holding complaint needed to allege for the defendant corporation both (i) the place of incorporation and (ii) the principal place of business to preclude the possibility that the corporation was a citizen of the same state as the plaintiff).

In addition, the citizenship of a limited liability company is determined by the citizenship of all of its members. *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). "[A]n LLC is a citizen of every state of which its owners/members are citizens." *Id.* Further, "a partnership is a citizen of all states of which its partners are citizens." *Id.* Similarly, a limited partnership is deemed to be a citizen of every state of which any of its general or limited partners is a citizen. *Id.*; *see also Carden v. Arkoma Assocs.*, 494 U.S. 185, 195–96 (1990) (holding

citizenship of limited partners must be taken into account to determine diversity of citizenship).

Moving Defendants argue diversity jurisdiction is lacking because Plaintiff does not demonstrate complete diversity of citizenship. (Mot. 4:19–20.) The Court agrees. It is unclear if Plaintiff is seeking to invoke diversity jurisdiction. However, even if she is, Plaintiff does not do so successfully. Her pleading does not contain allegations regarding each Defendant's citizenship. (*See* Compl. ¶¶ 1–14.) Thus, she does not demonstrate that her citizenship is diverse from the citizenship of each Defendant. *See, e.g.*, *Lewis*, 519 U.S. at 68. To establish complete citizenship, Plaintiff must include in her Complaint an allegation regarding not only her citizenship, which is presumably California given her address, but also the citizenship of each Defendant. For those Defendants that are corporations, Plaintiff must also allege the (i) place of incorporation and (ii) principal place of business for each corporation. Further, for those Defendants that are limited liability companies or limited partnerships, Plaintiff must allege the place of citizenship of each member of the limited liability company or partner of the limited partnership. She has not done so.

Accordingly, because Plaintiff has not satisfied her burden to plead that the requirements for diversity jurisdiction are satisfied, the Court concludes it lacks diversity jurisdiction.


**B.    Federal Question Jurisdiction**

A district court derives its federal question jurisdiction from 28 U.S.C. § 1331. Section 1331 provides that "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." "[T]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Rivet*

*v. Regions Bank of La.*, 522 U.S. 470, 475 (1998) (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)). A federal "defense is not part of a plaintiff's properly pleaded statement of his or her claim." *Id.* (citing *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, (1987)). Notwithstanding the well-pleaded complaint rule, federal question jurisdiction may also exist "if a state-law claim 'necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally-approved balance of federal and state judicial responsibilities.'" *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1086 (9th Cir. 2009) (quoting *Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005)). "Such a federal issue must be 'a substantial one, indicating a serious federal interest in claiming the advantages thought to be inherent in a federal forum.'" *Id.* at 1086–87 (quoting *Grable & Sons*, 545 U.S. at 313).

Moving Defendants contend federal question jurisdiction is lacking because Plaintiff does not allege a cause of action arising under federal law. (Mot. 3:19–20.) The Court concurs. There is no federal question on the face of Plaintiff's pleading. Plaintiff includes no discussion of subject matter jurisdiction in her Complaint. Further, Plaintiff's claims are labelled "Trespass" or "trespass on the Case." (Compl. ¶¶ 1–40.) These are common law theories, not federal claims. *See generally Inter-Ins. Exch. of Auto. Club of S. Cal. v. Lopez*, 238 Cal. App. 2d 441, 445–46 (1965) (distinguishing between trespass and trespass on the case). In addition, having reviewed Plaintiff's allegations, the Court broadly construes them as attempting to raise state law foreclosure claims. These claims do not present a federal issue and consequently do not provide the Court with federal question jurisdiction.

Accordingly, because Plaintiff's Complaint does not establish the Court has either diversity or federal question jurisdiction over this case, her Complaint is subject to dismissal under Rule 12(b)(1). *See, e.g.*, *Nordblad v. Deutsche Bank Nat. Tr. Co.*, No. CV 13-07542 DDP VBKX, 2013 WL 6859273, at *1–*2 (C.D. Cal.

Dec. 30, 2013) (dismissing action arising out of foreclosure for lack of subject matter jurisdiction), *aff'd*, 667 Fed. App'x 239. In addition, because the Court lacks subject matter jurisdiction under Rule 12(b)(1), it does not reach Moving Defendants' arguments under Rule 12(b)(6) based on a failure to state a claim.

## III.   CONCLUSION

For the foregoing reasons, the Court **GRANTS** Moving Defendants' motion to dismiss (ECF No. 6). The Court **DISMISSES WITHOUT PREJUDICE** Plaintiff's Complaint for lack of subject matter jurisdiction. Further, because the Court has dismissed Plaintiff's Complaint, the Court **TERMINATES AS MOOT** the remaining motions that are pending in this case (ECF Nos. 8, 15, 18, 24).

**IT IS SO ORDERED.**

**DATED: August 21, 2017**

Hon. Cynthia Bashant
United States District Judge